**Marjorie L. WARRENBERGER, Individually and as Guardian of Ellen M. Warrenberger,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare.**

Civ. A. No. 5180.

United States District Court
M. D. Pennsylvania.
April 27, 1956.

J. Julius Levy, U. S. Atty., Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., for defendant.

FOLLMER, District Judge.

This matter is before the Court on motions of both plaintiffs and defendant for summary judgment. The case is predicated on petition of plaintiffs to reverse and set aside decision of the Appeals Council of the Social Security Administration, Federal Security Agency, on the claim of plaintiffs for mother's insurance benefits and child's insurance benefits under the Social Security Act, 42 U.S. C.A. § 301 et seq., based on the wage record of Charles Vernon Warrenberger, deceased wage earner. The Bureau of Old Age and Survivors Insurance of the Social Security Administration determined that the claimant was not entitled to said benefits for the reason that the claimant, Marjorie L. Warrenberger, and the child, Ellen M. Warrenberger, did not have the status of "widow" and "child", respectively, of the wage earner, Charles Vernon Warrenberger, at the time of his death, within the meaning of the Social Security Act. Claimants' application was disallowed on March 25, 1954. Claimants, being dissatisfied with the determination of the Bureau, requested a hearing which was held before a Referee on October 2, 1954. Claimants appeared at the hearing and were represented by counsel.

The Referee's statement [1] as follows is a correct recital of the underlying facts:

"* * * Mrs. Warrenberger was originally married to a man by the name of Gallew, Arthur Gallew. While that marriage was in full force and effect the claimant began to live with Charles Vernon Warrenberger. As a result of that relationship, a child, Ellen, was born on May 7, 1940, and that was the child of Mrs. Warrenberger and Charles Vernon Warrenberger. Subsequently, Mr. Arthur W. Gallew, the claimant's husband, brought suit for divorce against her in the Court of

John P. Campana, Williamsport, Pa., for plaintiffs.

---

1. Transcript of hearing before Referee, Exhibit "A", Page 19.

Common Pleas, Allegheny County, and the ground for divorce was adultery. Vernon Warrenberger was named as co-respondent in the divorce action. According to one of the exhibits here, Vernon Warrenberger was served with a notice of the divorce action by Mr. Gallew against Marjorie, and that service was made on November 11, 1941. Thereafter on December 22, 1941 a decree was entered in the case of Arthur W. Gallew against Marjorie L. Gallew, Case No. 2246, and the decree is as follows: 'December 22, 1941, the Court, having heard this case, finds that the above respondent has committed adultery and it is decreed that the libellant, Arthur W. Gallew is divorced and separated from the bonds of matrimony contracted between him and the Respondent Marjorie L. Gallew.'

"Thereafter, on October 27, 1944, there was a marriage ceremony between Charles V. Warrenberger and Marjorie L. Gallew in Williamsport. Now sometime after that, probably around 1948, the claimant and Mr. Warrenberger separated because of domestic difficulties."

The testimony before the Referee further developed that Charles Vernon Warrenberger died January 28, 1954, and that Arthur Gallew, claimant's first husband, was still alive at the time Warrenberger died and, as a matter of fact, was still alive at the time of the hearing before the Referee, October 2, 1954.

On November 19, 1954, the Referee filed his decision in which, inter alia, he stated:

"The claimant was not the wife of the wage earner during his lifetime and under Pennsylvania law she could not inherit intestate personal property as his widow. Ellen was an illegitimate child of the wage earner and she, also, could not inherit such property from him under Pennsylvania law.

"Based on the foregoing the referee finds that the claimant and El- len M. Warrenberger did not have the status of 'widow' and 'child', respectively, of the wage earner under the Social Security Act. Accordingly, it is the decision of the referee that the claimant is not entitled to the benefits for which she has applied on her own behalf and on behalf of Ellen M. Warrenberger."

On December 3, 1954, claimant filed her request for review of Referee's decision by the Appeals Council, which was acknowledged. On January 10, 1955, the Appeals Council refused the request for review. Hence the instant action.

Plaintiffs agree that there is no dispute as to the facts, that they are binding on the Court and are amply supported by the evidence, but take the naive position that the Warrenberger marriage must be valid because its validity has never been questioned.

Section 202(d) of the Act, 42 U.S.C.A. § 402(d), provides in pertinent part that a child of an individual who died and was fully or currently insured shall, under certain conditions, be entitled to child's insurance benefits.

Section 202(g) of the Act, 42 U.S.C.A. § 402(g), provides in pertinent part that:

"The widow * * * of an individual who died a fully or currently insured individual * * *, if such widow * * *

\* \* \* \* \* \*

"(E) at the time of filing such application has in her care a child of such individual entitled to a child's insurance benefit, * * *

" * * * shall be entitled to a mother's insurance benefit * * *."

Section 216(h) (1) of the Act, 42 U.S. C.A. § 416(h) (1), reads as follows:

"In determining whether an applicant is the wife, husband, widow, widower, child, or parent of a fully insured or currently insured individual for purposes of this title, the Administrator shall apply such law as would be applied in determin-

ing the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, husband, widow, widower, child, or parent shall be deemed such."

The controlling issue in this case is whether under the law of Pennsylvania made applicable by Section 216(h) (1) of the Act, supra, Marjorie L. Warrenberger and the child, Ellen M. Warrenberger, are the "widow" and "child," respectively, of the wage earner, within the meaning of the Act. This depends on the question whether the marriage between Marjorie and the wage earner was valid.

48 P.S.Pa. § 169, Act of March 13, 1815, P.L. 150, provides as follows:

"The husband or wife, who shall have been guilty of the crime of adultery, shall not marry the person with whom the said crime was committed during the life of the former wife or husband; but nothing herein contained shall be construed to extend to or affect or render illegitimate any children born of the body of the wife during coverture."

The Referee summed up the arguments advanced by plaintiffs' counsel as follows:

"Counsel for the claimant recognizes the statutory prohibition against her marriage to the wage earner. However, he argues that this did not preclude the creation of a valid common-law marriage between the parties. He also argues that the marriage between the claimant and wage earner was voidable only, and not void and that it remained in effect so long as there

were no proceedings to dissolve it. In support of his first contention he relies on Buradus v. General Cement Products Co., 159 Pa.Super. 501 [48 A.2d 883], which held that the statute requiring a license to wed did not outlaw common-law marriages."

██ It is conceded, of course, that marriage without civil or religious ceremony is still valid under the common law of Pennsylvania. Buradus v. General Cement Products Co., 159 Pa.Super. 501, 504, 48 A.2d 883, 886. Counsel for claimants leans heavily on this case. After setting forth that "The incidents of a common-law marriage always have been, marriage, contracted without civil or religious ceremony, and without prior license", and that "Marriage without civil or religious ceremony * * * is still valid, under the common law of Pennsylvania", the Buradus case held in effect that the Marriage License Act of 1885, 48 P.S.Pa. § 2, did not require a license as a prerequisite to a valid common-law marriage, and that is about all that case did decide.

██ The Buradus case was silent on the required qualifications of the contracting parties. Under the provisions of the Act of 1815, above quoted, claimant Marjorie L. Warrenberger at all pertinent times herein was totally incapable of contracting any marriage, ceremonial or common-law. Consequently, in line with the able opinion of the Referee, it is my opinion, and I accordingly find, that the said Marjorie L. Warrenberger had no capacity to enter into a marriage with Charles Vernon Warrenberger, that the attempted common-law marriage with the said Charles Vernon Warrenberger was void, that the said Marjorie L. Warrenberger did not acquire any marital rights by virtue of said attempted common-law marriage, that accordingly the claimants, Marjorie L. Warrenberger and Ellen M. Warrenberger, do not have the status of "widow" and "child," respectively, of the wage earner, Charles Vernon Warrenberger, under the terms of the Social Security Act, and that the claimant, Marjorie L. Warren-

berger, is not entitled to the benefits for which she has applied on her own behalf and on behalf of Ellen M. Warrenberger, the child.

Judgment will be entered in accordance with Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), affirming the decision of the Secretary of Health, Education and Welfare; motion of plaintiffs for summary judgment will be denied, and motion of defendant for summary judgment will be granted.